## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RAYMOND HARRIS                          : CIVIL ACTION
DOC #85555
                                        : NUMBER 10-0367-JVP-CN
VERSUS
                                        : JUDGE: JOHN V. PARKER

CARL SMITH, ET AL.                      : MAGISTRATE NOLAND

### AFFIDAVIT

**BEFORE ME,** the undersigned notary public duly qualified in and for the

State of Louisiana personally came and appeared

### TARA BONNETTE

who after being sworn did depose and state:

1.

I am employed by the Department of Public Safety and Corrections

(DOC) as the Administrative Supervisor 2 in the Legal Programs Department at

Louisiana State Penitentiary (LSP).  The Legal Programs Department has access to and

control over the records of the facility relating to inmate requests for administrative

review.

2.

The Administrative Remedy Procedure (ARP) system establishes a **2-step**

administrative review of inmate complaints.  It is a formal grievance mechanism for use

by all inmates committed to the custody of the Department of Public Safety and

Corrections.  **Inmates are required to use the procedure before they can proceed with**

**a suit in Federal and State Courts.**

1



STATE'S EXHIBIT 2

3.

An inmate's request for administrative relief is initiated by writing a letter to the Warden of the institution setting forth the basis for the claim and relief sought. These requests are stamped at the time of their receipt and forwarded to the Legal Programs Department for further handling.

4.

ARP rules allow for only one ARP request per inmate to be reviewed at the institutional and/or Department of Corrections level at a time. ARP requests which are received while an inmate currently has an ARP request under review are date-stamped, screened for completeness and emergency situations, logged in, assigned a case number, and set aside for later handling in the order in which they are received.

5.

If there are no prior ARP requests for an inmate who is currently being reviewed at the institutional and/or Department of Public Safety and Corrections level, and the inmate's request for relief is rejected, a letter of rejection which provides the reasons for rejection is issued to the inmate. The inmate acknowledges receipt of this rejection by signing and dating a statement that he has received it. If the inmate refuses to sign the receipt, a notation is made that he refused to sign it.

6.

If there are no prior ARP requests for an inmate which are currently being reviewed at the institutional and/or Department of Public Safety and Corrections level, and the inmate's request for relief is accepted, the information gathering process then

occurs. At this stage of the ARP process, the request is referred to the staff member who can best investigate, advise and/or provide the inmate's requested relief. After investigation, a response is provided to the inmate. **This first-step response provides information about available avenues of appeals.** The inmate acknowledges receipt of this first-step response by signing and dating a statement that he has received it. If the inmate refuses to sign the receipt, a notation is made that he refused to sign it.

7.

If the inmate is not satisfied with the first-step response to his request, he may, in many cases, request a **second step review from the Secretary of the Department of Public Safety and Corrections.** On those matters timely appealed to the Secretary of the Department of Public Safety and Corrections, further investigation will ensue and a second-step response will issue. A copy of this response is provided to Louisiana State Penitentiary and to the inmate. The inmate acknowledges receipt of this second-step response by signing and dating a statement that he has received it. If the inmate refuses to sign the receipt, a notation is made that he refused to sign it.

8.

If an inmate is unsure of how to proceed with his ARP request, he has access to his classification officer and/or inmate counsel. **All inmates, including the plaintiff, have access to inmate counsel and/or a classification officer to assist in the preparation of proper grievances.**

9.

I am familiar with the records maintained by the institute regarding the inmate population and routinely review records as necessary in the performance of my

3

duties. I have had the administrative record maintained by the institution regarding Raymond Harris Doc #85555 reviewed.

10.

The record reflects that the Administrative Remedy Procedure (ARP) claim was filed by inmate Harris DOC# 85555 and was accepted on 06/24/2009.  It was assigned ARP # LSP 2009-1919.  Inmate Raymond Harris alleged that, he was subjected to unnecessary force by Captain Smith on May 27, 2009.

11.

After a thorough review of the record, I find no evidence that Inmate Raymond Harris Doc #85555 ever filed or resubmit ARP against Major David Voorhies, Lt. Col. Louis Stroud, and Disciplinary Board Chairman, Reginald Ladmirault, Classification officers and Joel Harrell, Investigative services. The record shows that Inmate Raymond Harris (Doc # 85555) only exhausted his administrative remedy procedures in ARP- LSP- 2009-1919 relative to claim against Captain Carl Smith.

The above is true and correct to the best of my personal knowledge and belief

**TARA BONNETTE**

**SWORN TO AND SUBSCRIBED** before me on this 25 day of August, 2010.

EX OFFICIO NOTARY PUBLIC

4